**FILED**

JUN 1 3 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

VALDA MURFREE-FLEMING )
  212 Dauntly Street )
  Upper Marlboro, Maryland 20774 )
  (301) 249-4086 )
             )   CIVIL ACTION NO.

      Plaintiff,

                          CASE NUMBER  1:05CV01180

   v.

                          JUDGE: Henry H. Kennedy

JAMES H. BILLINGTON,               DECK TYPE: Employment Discrimination
  In his official capacity as Librarian of Congress )
  101 Independence Avenue )    DATE STAMP: 06/13/2005
  Washington, D.C. 20540 )
      Defendant, )
                        )

*JURY ACTION*

## COMPLAINT

### NATURE OF THE ACTION

1.     Plaintiff Valda Murfree-Fleming was discriminated against by the Library of
Congress ("Library") based on her race and gender when the Library implemented a reorganization of
the Integrated Support Services, Contracts and Logistics Services. The reorganization eliminated Ms.
Murfree-Fleming's potential for promotion.   Specifically, higher value contracts (those more than
$100,000) were reassigned to a team consisting of only Caucasian females,  while assigned
purchasing actions valued at less than $100,000 were assigned to a team consisting of all African-
American females.

2.     Plaintiff brings this claim pursuant to Title VII of the Civil Rights Act of 1964,
as amended, to remedy racial and gender discrimination in employment.

### JURISDICTION AND VENUE

3.     This case arises under the Constitution and laws of the United States and

presents a federal question within this Court's jurisdiction under Article III of the Constitution, 28 U.S.C. sections 1331 and 1343.

4.　　Venue is proper in this judicial district under 28 U.S.C. section 1391(b) & (e) and 42 U.S.C. section 2000e-5(f) because (1) the Library of Congress is within this judicial district, (2) the events or omissions giving rise to Plaintiff's claim for relief occurred in this judicial district, (3) the unlawful acts are alleged to have been committed in this judicial district, 4) the records relevant to such acts are maintained and administered in this judicial district.

5.　　Plaintiff has fulfilled all conditions precedent under Title VII prior to instituting this lawsuit, as necessary, and has otherwise exhausted her administrative remedies.

## PARTIES

6.　　Plaintiff Valda Murfree-Fleming is presently employed as a Contract Specialist for the Library of Congress. She currently lives in Maryland.

7.　　Defendant James H. Billington is the Librarian of Congress and as such heads the Library of Congress, a department within the Legislative Branch of the Government of the United States. As the Librarian of Congress, Mr. Billington is responsible for the personnel actions, omissions and practices there. He is sued in his official capacity. The Integrated Support Services is an agency within the Library of Congress.

## FACTUAL ALLEGATIONS

8.　　Plaintiff Murfree-Fleming is an African-American female. She started working at the Library of Congress in 1991. Her first position at the Library was as a supervisor in the Copyright Office. After working in that position for several years she applied for the Affirmative Action Program which allowed her to learn about awarding contracts on behalf of the Library.

2

9.    Plaintiff was advised when she entered the Affirmative Action Program

that she would first work on award contracts of less than $100,000 (hereinafter referred to as small

contracts), but eventually she would handle contracts valued at more than $100,000 (hereinafter

referred to as large contracts).

10.    From 1991 to 1993 Plaintiff worked primarily on small contracts.  Then in

1995 she began to get higher level contracts.   However, she did not begin to receive contracts over

$100,000 until Debra Murphy became Chief of Contracts and Logistics Services in 1998.

11.    When Ms. Murphy arrived at the Library of Congress, she observed that the Caucasian

female employees were getting all of the complex contract work which provided them the opportunity

to receive more awards and more promotions.

12.    However, all the African American females were detailed to handling only award

contracts involving amounts under $100,000 which resulted in less opportunity for them to receive

awards and promotions.

13.    Ms. Murphy decided to level the field of opportunity by dividing the Division into

two racially mixed teams. Ms. Murphy instructed both of the team leaders to start giving the African-

American employees training in handling large contracts.

13.    Pursuant to Ms. Murphy's directive, Plaintiff was placed on a team headed by Ms.

Kaye Klinker, a Caucasian female.  However, Ms. Klinker refused to assign and/or train Plaintiff to

handle large contracts.  As a result, Plaintiff asked to be moved to the other team.

14.    The other team was supervised by Napoleon Jasper, African American male.  Under

Mr. Jasper's guidance, Plaintiff was trained to handle large contracts.

3

15.    In 2001, Ms. Murphy was removed from her position as Chief of Contracts and Logistics Services.

16.    On or about November 1, 2001 all the equitable changes made by Ms. Murphy were undone. The Division was reorganized into two racially segregated sections.

17.    Under the new organization plan, the Caucasian female staff was assigned to the Contracts Section where they handled only contracts involving amounts over $100,000.

18.    Plaintiff and all the other African-American females were assigned to the Procurement Section where they handled contracts under $100,000.

19.    Plaintiff was ordered to give up all her contracts involving amounts over $100,000.

20.    The reorganization left Plaintiff very despondent. She had to seek medical treatment and therapy during that time.

21.    The reorganization caused Plaintiff to remain at the GS 11 level for approximately five years despite receiving excellent and outstanding evaluations.

22.    After a year of implementation the Division was reorganized back to the more equable format whereby every individual whether African-American or Caucasian, male or female was given equal opportunity to excel.

23.    Mr. Jasper was placed in charge of both teams which were subsequently combined into one team.

24.    Plaintiff is also seeking reimbursement for her tuition for her master's degree.

25.    Plaintiff obtained permission from the Agency to study the Procurement Office. She in turn did her master's thesis on the Procurement Office. She has not been compensated for her tuition expenses.

4

26.    As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

27.    Plaintiff was subjected to an employment action adverse to her, and that other employees not of the Plaintiff's protected group (primarily Caucasian females) were not subjected to the adverse employment that Plaintiff was.

28.    On August 13, 2004, this matter was heard before Hearing Examiner Hochhauser.

## COUNT I

29.    Plaintiff incorporates by reference paragraphs 1 through 28 above.

30.    Defendant's supervisors, managers and other agents have engaged in the course of conduct described in the allegations of this Complaint while acting in the course, scope and furtherance of their agency and employment relationship with Defendant.

31.    Defendant has intentionally discriminated against Plaintiff in violation of 42 U.S.C. §§ 2000e *et seq.* by (1) denying Plaintiff promotions on the basis of race; (2) paying Plaintiff less than comparable Caucasian employees on the basis of race; (3) denying Plaintiff equal terms and conditions of employment on the basis of race.

32.    The Defendant intentionally discriminated against Plaintiff on the basis of her race and will continue to discriminate if not enjoined.

## COUNT II

33.    Plaintiff incorporates by reference paragraphs 1 through 32 above.

5

34.    The Defendant has conspired against Plaintiff due to her sex (female).

35.    Plaintiff was subjected to employment actions adverse to her as an African American female.

36.    The other female employees not of the Plaintiff's protected group (African-American females) were not subjected to the adverse employment actions that Plaintiff was.

37.    As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

### JURY DEMAND

Plaintiff demands a trial by jury on all the issues of fact and damages in this action.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

1.  Reimbursement for tuition Plaintiff personally paid to improve her career opportunities and to satisfy educational requirements for Contracting professionals;

2.  Immediate promotion to a Grade 14 and reimbursement for back pay, and awards that she would have received but for the discriminatory reorganization of her Division into the Caucasian Team and the African-American Team;

3.  Compensatory and consequential damages, including damages for emotional distress due to the deliberate inflection of emotional distress caused by the Agency's prior discriminatory pattern and practice, and to offset the set back in her career advancement, and to help offset damage to her health and well being;

4.  Punitive damages of at least $300,000.00;

5.  Pre-judgment and post-judgment interest at the highest lawful rate;

6.  Attorneys' fees and costs of this action; and

9.  Any such further relief as justice allows.

Respectfully Submitted,

Bobara E. Liles, Esq. (D.C. Bar No. 952002
11309 Indian Wells Lane
Mitchellville, Md. 20721
Attorney for Plaintiff

June 13, 2005

7