# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA MURFREE-FLEMING )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>JAMES H. BILLINGTON, )<br>In his official capacity as )<br>Librarian of Congress )<br> )<br> )<br>Defendant. )<br>_____) | Civil Action No. 05-1180 (HHK) |

## ANSWER

The Defendant, James Billington, Librarian of Congress, by and through undersigned counsel hereby answers Plaintiff's Complaint as follows:

### First Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff failed to properly exhaust her administrative remedies with respect to certain claims.

### Third Affirmative Defense

In response to the individual numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

### NATURE OF THE ACTION

1-2.     Paragraphs No. 1 and 2 consist of Plaintiff's characterization of her claim, not averments of facts to which an answer is required; to the extent an answer is deemed to be required,

the allegations are denied.

## JURISDICTION AND VENUE

3. Paragraph No. 3 consists of Plaintiff's characterization of jurisdiction, not averments of facts to which an answer is required; to the extent an answer is deemed to be required, the allegation is denied.

4. Paragraph No. 4 consists of Plaintiff's characterization of venue, not averments of facts to which an answer is required; to the extent an answer is deemed to be required, the allegation is admitted.

5. Paragraph No. 5 consists of Plaintiff's characterization of jurisdictional prerequisites, not averments of facts to which an answer is required; to the extent an answer is deemed to be required, the allegation is denied.

## PARTIES

6. Defendant admits that Plaintiff is presently employed as a Contract Specialist for the Library of Congress. Defendant admits that Plaintiff claims to live in Maryland.

7. Paragraph No. 7 consists of Plaintiff's characterization of the Defendant, not averments of fact to which an answer is required; to the extent an answer is deemed to be required, the allegations are admitted. Defendant avers that Integrated Support Services is an Enabling Infrastructure Unit within the Library of Congress.

## FACTUAL ALLEGATIONS

8. Defendant admits the allegations contained in Paragraph No. 8.

9. Defendant lack insufficient information of knowledge to admit or deny what Plaintiff was advised when she first entered the Affirmative Action Program and accordingly the

allegations contained in Paragraph No. 9 are denied.

10. Defendant denies that from 1991 to 1993 Plaintiff worked primarily on small contracts. Defendant lacks sufficient information or knowledge to admit or deny whether Plaintiff began "to get higher level contracts" and whether or not she did not begin to receive contracts over $100,000 until Debra Murphy became Chief of the Contracts and Logistics Services, and accordingly the allegations contained in the second and third sentences of Paragraph No. 10 are denied.

11. Defendant lack sufficient information or knowledge to admit or deny what Ms. Murphy observed and accordingly the allegations contained in Paragraph No. 11 are denied.

12. Defendant denies that all African-American females were detailed to handling only award contracts involving amounts under $100,000 which resulted in less opportunity for them to receive awards and promotions.

13. Defendant lacks sufficient information or knowledge to know why Ms. Murphy decided to reorganize the Contracts and Logistics Division, and whether or not Mr. Murphy instructed both of the team leaders to start giving the African-American employees training in handling large contracts and accordingly the allegations contained in Paragraph No. 13 are denied.

13. (Misnumbered 13 again). Defendant admits that Plaintiff was assigned to a team headed by Kaye Klinker, a Caucasian female. Defendant lacks sufficient information or knowledge to admit or deny whether Ms. Klinker refused to assign and/or train Plaintiff to handle large contracts and accordingly denies the allegations. Defendant lacks sufficient information or knowledge to admit or deny that as a result of any actions or

   inactions of Ms. Klinker Plaintiff asked to be moved to the other team, and accordingly the allegations are denied.

14. Defendant admits that the other team was supervised by Napoleon Jasper, African American male. Defendant admits that under Mr. Jasper's guidance Plaintiff was trained to handle some large contracts.

15. Defendant denies that in 2001, Ms. Murphy was removed from her position as Chief of Contracts and Logistics. Defendant avers that Ms. Murphy was reassigned from her position as Chief of Contracts and Logistics in or about 2001.

16. Defendant denies that on or about November 1, 2001 all the equitable changes may by Ms. Murphy were undone. Defendant denies that the Contracts and Logistics Section was reorganized into two racially segregated sections.

17. Defendant admits that under the new organization plan Kaye Klinker and two other Caucasian females continued to handle contracts involving amounts over $100,000.

18. Defendant admits that Plaintiff and other African-American females were assigned to handle contracts involving amounts less than $100,000. To the extent that Paragraph No. 18 implies that Defendant reorganized the teams because of race or gender, Defendant denies the allegations.

19. Defendant admits that, after the reorganization, Plaintiff was instructed to turn over contracts involving amounts over $100,000. Defendant avers that, despite these instructions, Plaintiff retained at least one contract involving more than $100,000. To the extent that Paragraph No. 19 implies that Plaintiff was instructed to turn over contracts involving amounts over $100,000 because of her race or gender, Defendant denies the

allegations.

20. Defendant lacks sufficient information or knowledge to admit or deny how the reorganization made Plaintiff feel and accordingly the allegations are denied. Defendant lacks sufficient information or knowledge to admit or deny that as a result of the reorganization Plaintiff had to seek therapy and medical treatment and accordingly the allegations are denied.

21. Defendant denies that the reorganization caused Plaintiff to remain at the GS-11 level for approximately five years despite receiving excellent and outstanding evaluations. Defendant avers that as of 1998 Plaintiff had reached the top of her grade for her position, and that there were no other positions in Contracts and Logistics for which Plaintiff could or did apply. Defendant further avers that none of the three Caucasian females who were on the other team received a promotion during the time at issue. In all other respects deny.

22. Defendant admits that after approximately one year of implementation, the Contracts and Logistics Division was reorganized again. Defendant denies that any of the reorganizations in the Contracts and Logistics division deprived any Contracts and Logistics staff member of an equal opportunity to excel due to his or her race or sex. In all other respects deny.

23. Defendant admits that Mr. Jasper was placed in charge of both teams which were subsequently combined into one team.

24. Defendant admits that in this civil action Plaintiff is seeking reimbursement for her tuition for her master's degree.

25. Defendant lacks sufficient information or knowledge to admit or deny the allegations contained in Paragraph No. 25 and accordingly the allegations are denied.

26. Defendant denies the allegations contained in Paragraph No. 26.

27. Defendant denies the allegations contained in Paragraph No. 27.

28. Defendant admits that on or about August 13, 2004, there was an evidentiary hearing held before a Hearing Examiner, Lois Hochhauser.

## COUNT I

29. Defendant incorporates by reference its responses to the preceding paragraphs.

30. Defendant denies the allegations contained in Paragraph No. 30.

31. Paragraph No. 31 consists of a legal conclusion to which no which is required; to the extent a response is deemed necessary the allegations are denied.

32. Paragraph No. 32 consists of a legal conclusion to which no which is required; to the extent a response is deemed necessary the allegations are denied.

## COUNT II

33. Defendant incorporates by reference its responses to the preceding paragraphs.

34. Defendant denies the allegations contained in Paragraph No. 34.

35. Paragraph No. 35 consists of a legal conclusion to which no answer is required; to the extent a response is deemed necessary the allegations are denied.

36. Paragraph No. 36 consists of a legal conclusion to which no answer is required; to the extent a response is deemed necessary the allegations are denied.

37. Defendant denies the allegations contained in Paragraph No. 37. Defendant avers that Plaintiff is not entitled to the relief demanded in this Complaint or to any relief

whatsoever.

The remaining paragraphs in Plaintiff's complaint consist or her request for a jury trial and her prayer for relief to which no response is required; to the extent a response is required, Defendant denies that Plaintiff is entitled to the relief demanded in the Complaint or to any relief whatsoever. Defendant further avers that any award of compensatory damages would be subject to and limited by 42 U.S.C. §1981a (b)(3)(D), and that no punitive damages may be awarded in this case..

Defendant denies each and every allegation of the Complaint that is not expressly admitted in this Answer.

August 30, 2005                              Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____
JULIA DOUDS
Special Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, DC 20530
(202) 514-5134

Of Counsel:
Charles Tetreault, Esq.
Office of General Counsel
Library of Congress