**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| VALDA MURFREE-FLEMING )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>In his official capacity as )<br>Librarian of Congress, )<br>)<br>Defendant. )<br>_____) | No. 05-1180 (HHK) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant James H. Billington, Librarian of Congress, respectfully submits this reply to plaintiff's opposition to defendant's statement of material facts not in dispute ("Plaintiff's Statement").

**INTRODUCTION**

Plaintiff's statement fails to establish that there are any genuine issues of material fact for trial. To the contrary, plaintiff either admits the vast majority of defendant's facts by failing to respond to those facts directly, see Local Civ. R. 7(h), or fails to rebut defendant's facts by offering competent, admissible evidence. As set forth in response to each of plaintiff's paragraphs, although plaintiff attempts to create a material dispute, she fails to do so. Accordingly, summary judgment is appropriate in defendant's favor.

**SPECIFIC RESPONSES**

Defendant responds to plaintiff's statement by numbered paragraph below:

1. Plaintiff admits defendant's statement.

2. There is no dispute of material fact regarding paragraph 2, plaintiff admits that in 1994 she transferred to become a GS-7 Professional Development/Affirmative Action Associate.

3. Plaintiff asserts that she "disagrees" with defendant's statement, and asserts that she should have automatically had the opportunity to advance to the GS-12 level without competition. In support of this assertion, plaintiff compares herself to a former employee named Michael Baytop. Plaintiff's "disagreement" is not supported by competent evidence and therefore not sufficient to create a genuine dispute of material fact. First, the uncontradicted documentation filed with defendant's motion for summary judgment, specifically Exhibit 5 to defendant's motion, shows that plaintiff's Contract Specialist position was a GS-1102-7 through GS-1102-11 career ladder position. Second, regarding plaintiff's assertion that, because a former employee named Michael Baytop reached the GS-12 position, she should also achieve that position, plaintiff's claim is not supported by competent evidence. In deposition, plaintiff in fact compared herself to Mr. Baytop. However, when asked about her foundation of knowledge for her comparison, it became clear that plaintiff has no foundation for the comparison. Specifically, plaintiff did not know what Mr. Baytop's title was, Pltf's Depo. 22:5-22:7, plaintiff did not know whether or not she and Mr. Baytop were in the same job series, Pltf's Depo. 22:8-22:14; plaintiff did not know at what grade Mr. Baytop began his career in Contracts & Logistics, Pltf's Depo. 22:17-22:22; plaintiff did not know if Mr. Baytop received his GS-12 after an application process, Pltf's Depo. 23:1-23:12; plaintiff did not know when Mr. Baytop received his GS-12 promotion, Pltf's Depo. 23:13-23:21; plaintiff did not know when Mr. Baytop began his career in Contracts & Logistics, Pltf's Depo. 23:22-24:1; plaintiff did not know how long Mr. Baytop was a GS-11 before receiving a GS-12 promotion, Pltf's Depo. 24:7-24:10;

and, plaintiff did not know if Mr. Baytop had to apply and compete for a GS-12 promotion, Pltf's Depo. 24:21-24:23.  In sum, plaintiff's comparison of herself to Mr. Baytop is pure speculation and lacks a proper evidentiary foundation to create a genuine dispute of material fact.

      4.  Plaintiff "disagrees" with defendant's paragraph 4.  However, defendant's paragraph 4 is directly supported by plaintiff's under oath deposition testimony.  Accordingly, plaintiff's disagreement is insufficient to create a genuine dispute of material fact, and she may not create a genuine dispute of material fact by contradicting her sworn deposition testimony.

      5.  Plaintiff "disagrees" with defendant's paragraph 5.  However, defendant's paragraph 5 is directly supported by plaintiff's under oath deposition testimony.  Accordingly, plaintiff's disagreement is insufficient to create a genuine dispute of material fact, and she may not create a genuine dispute of material fact by contradicting her sworn deposition testimony.

      6.  Plaintiff "disagrees" with defendant's paragraph 6, but her "disagreement" does not comport with plaintiff's sworn testimony in deposition.  Plaintiff's statement "contends that she was never unhappy."  In deposition, plaintiff was asked "You were not happy on Ms. Klinker's team, were you."  Plaintiff responded, "No, I wasn't."  Pltf's Depo. 76:18-76:19.  Plaintiff was then asked "And you requested a transfer to the team led by Mr. Jasper, didn't you," and responded, "Yes."  Pltf's Depo. 76:20-76:22.

      7.  Plaintiff asserts that she "agrees with the defendant's alleged material fact in part," but then discusses only the process by which the Library of Congress hired Martin Contract Management, Inc. ("MCM").  Notwithstanding plaintiff's unsupported assertion that MCM was hired "illegally," the process by which the Library hired MCM is not at issue in this action and

therefore not material. Moreover, the removal of Ms. Murphy from her position at C&L is also not at issue and therefore not material. In sum, plaintiff fails to create a genuine dispute of material fact regarding paragraph 7.

      8. Plaintiff "agrees with the defendant's alleged material fact in part," but fails to offer any record evidence to support any part of her disagreement. Accordingly, plaintiff fails to create a genuine dispute of material fact regarding paragraph 8.

      9. Plaintiff "agrees with the defendant's alleged material fact in part," but fails to offer any record evidence to support any part of her disagreement. Accordingly, plaintiff fails to create a genuine dispute of material fact regarding paragraph 9.

      10. Plaintiff "agrees with the defendant's alleged material fact in part." Plaintiff then asserts that she was "not apprised" of why the teams were spilt as they were, but "assumed" it was because of race. Plaintiff fails to create a genuine dispute of material fact because management was not required to apprise plaintiff of its reasoning and seek her approval, and plaintiff's speculation and assumptions are not sufficient to create a genuine dispute of material fact.

      11. Plaintiff "agrees with the defendant's alleged material fact in part." Plaintiff then discusses Ms. Martin crying and asserts that Ms. Martin was hired illegally. Neither of these assertions are material to the case and, therefore, do not create a genuine dispute of material fact.

      12. Plaintiff "agrees with the defendant's alleged material fact in part," but then fails to offer any disagreement, instead offering the reasons for the facts asserted in defendant's paragraph 12. Because plaintiff does not offer any disagreement, there is no dispute of material fact regarding defendant's paragraph 12.

13. Plaintiff disagrees with defendant's paragraph 13, but fails to refute the fact that the paragraph is directly supported by plaintiff's own under-oath deposition testimony. Moreover, she disagrees because she asserts there was a "reorganization" not a "realignment." Regardless of the name for the action, plaintiff offers nothing to dispute the assertions in defendant's paragraph 13 that nothing changed in the one year that C&L was realigned or reorganized, other than the assertion that it "destroyed her career" and that the union was never consulted. First, plaintiff fails to offer any competent evidence of the effect the realignment had on her career. Second, there is no record evidence establishing that it was necessary to consult a union prior to the realignment. Accordingly, there is no material dispute of genuine fact regarding defendant's paragraph 13.

14. Plaintiff "agrees with the defendant's alleged material fact in part," but then, in the alleged disagreement, acknowledges that there were no instances of her being not selected for promotion during the realignment. She also asserts that the realignment caused her not to be competitive for GS-13 and GS-14 positions. This assertion, however, is unsupported. If plaintiff felt that she was discriminated against in the application process for these alleged GS-13 and GS-14 positions, she was required to assert a claim then. In sum, plaintiff acknowledges that there are no non-selections at issue in this action and her "speculation" about damage to her career is not sufficient to create a genuine dispute of material fact relating to paragraph 14.

15. The sole basis for plaintiff's disagreement with defendant's paragraph 15 is her "contention" that she is "confident" she amended her complaint of discrimination to assert a gender claim. Unfortunately, plaintiff's "confidence" is not supported by the record. Neither plaintiff nor defendant have any record of this alleged amendment and plaintiff's unsupported

"confidence" is not sufficient to create a genuine dispute of material fact regarding defendant's paragraph 15.

     16.  Plaintiff "disagrees with the defendant's alleged material fact in part," but in fact offers no support for any alleged dispute of material fact.  More importantly, plaintiff does not disagree with the statement that she never requested reimbursement for her masters degree.  Instead, she offers her "feeling" that the Library should incur the debt.  Plaintiff's "feelings" are not sufficient to create a genuine dispute of material fact regarding defendant's paragraph 16.

December 4, 2006                                    Respectfully submitted,

                                                                      /s/
                                      JEFFREY A. TAYLOR, D.C. Bar # 498610
                                      United States Attorney

                                         /s/
                                      RUDOLPH CONTRERAS, DC BAR #434122
                                      Assistant United States Attorney

                                         /s/
                                      JOHN F. HENAULT, D.C. Bar # 472590
                                      Assistant United States Attorney
                                      555 4th Street, N.W.
                                      Washington, DC 20530
                                      (202) 307-1249
                                      (202) 514-8780 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA MURFREE-FLEMING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-1180 (HHK) |
| ) | |
| JAMES H. BILLINGTON, ) | |
| In his official capacity as ) | |
| Librarian of Congress, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT**

Defendant James H. Billington, in his official capacity as Librarian of Congress, respectfully submits this reply in support of defendant's motion for summary judgment.

**ARGUMENT**

**I.      LEGAL STANDARD**

A party may defeat a properly-supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 2553 (1986) ("a party who fails to make a showing sufficient to establish the existence of an element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment). If the non-movant's evidence is "merely colorable, or

is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. 249-50 (internal citations omitted). Nor may the non-movant manufacture genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations" or "unsubstantiated assertions." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993).

In an attempt to defeat summary judgment, a plaintiff may *not* offer evidence that contradicts prior deposition testimony. See Hopkins v. Women's Div., General Bd. of Global Ministries, 284 F. Supp. 2d 15, 24 (D.D.C. 2003) (rejecting a declaration from plaintiff that contradicts her prior sworn testimony); Reetz v. Jackson, 176 F.R.D. 412, 414 (D.D.C. 1997) ("Plaintiff cannot create or resurrect a genuine issue of fact and thereby defeat summary judgment by the simple expedient of filing an affidavit that contradicts previous sworn testimony."); Pyramid Sec. Ltd. v. IB Resolution, Inc., 924 F.2d 1114, 1123 (D.C. Cir. 1991) ("Courts have long held that a party may not create a material issue of fact simply by contradicting [her] prior sworn testimony . . . '[T]he objectives of summary judgment would be seriously impaired if the district court were not free to disregard [the later statement].'" (quoting Martin v. Merrell Dow Pharm., Inc., 851 F.2d 703, 706 (3d Cir. 1988)); Gagne v. Northwestern Nat. Ins. Co., 881 F.2d 309, 315 (6th Cir. 1989).

While it is true that summary judgment must be approached with special caution in discrimination cases, "this does not eliminate the use of summary judgment in discrimination cases."

Marshall v. James, 276 F. Supp. 2d 41, 47 (D.D.C. 2003) (citing cases). Instead, a discrimination plaintiff "is not relieved of her obligation to support her allegations by affidavits or other *competent* evidence showing that there is a genuine issue for trial." Calhoun v. Johnson, 1998 WL 164780, at * 3 (D.D.C. March 31, 1998) (internal citation omitted), aff'd, 1999 WL 825425, at * 1 (D.C. Cir. Sept. 27, 2000) (emphasis added). "Summary judgment is not a 'disfavored procedural shortcut,' but is an integral procedural tool which promotes the speedy and inexpensive resolution of every case." Marshall, 276 F. Supp. 2d at 47 (quoting Celotex Corp., 477 U.S. at 327).

## II. PLAINTIFF DOES NOT ESTABLISH A PRIMA FACIE CLAIM OF DISCRIMINATION

### A. Plaintiff Was Not Subject To An Adverse Employment Action

In the face of defendant's argument that plaintiff cannot establish a prima face case of discrimination because the reorganization was not an adverse employment action, plaintiff argues that that the mere fact that she was placed on the team handling small purchase contracts is an adverse employment action. This argument, however, does not withstand scrutiny.

"Not everything that makes an employee unhappy is a judicially actionable adverse action." Burton v. Batista, 339 F. Supp. 2d 97, 110 (D.D.C. 2004) (quoting Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996)). Instead, an employee must suffer "objectively tangible harm." Brown v. Brody, 199 F.3d 446, 457 (D.C. Cir. 1999). Therefore, purely subjective injuries, such as dissatisfaction with a reassignment or public humiliation or loss of reputation, do not constitute adverse actions. Forkkio v. Powell, 306 F.3d 1127, 1130 (D.C. Cir. 2002).

Plaintiff alleges that the realignment placed her on Team One "without her permission or input," Pltf's Opp. at 7. Likewise, she asserts that the Library's actions show that "it directed its employees to do what ever work it wanted to them." Opp. at 7. Plaintiff's allegations

notwithstanding, plaintiff points to nothing that requires that management seek and receive the approval of employees prior to making changes in the interest of efficiency.  In sum, plaintiff is requesting that the Court re-examine the Library's business decisions and determine what is best for the efficiency of the Library.  Courts expressly reject this request; Title VII is not designed to make the Court a "super-personnel department" to "reexamine[] an entity's business decisions." Dale v. Chicago Tribune Co., 797 F.2d 458, 464 (7th Cir. 1986); see also Texas Dep't Cmty. Affairs v. Burdine, 450 U.S. 248, 259 (1981) ("[T]he employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. The fact that the court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability.").

Moreover, as explained in defendant's motion for summary judgment, notwithstanding plaintiff's "desire" and "preference" to work on contracts over $100,000, the failure to give an employee "desirable" or "important" work assignments is ***not*** an adverse action as a matter of law. See Bryant v. Brownlee, 265 F. Supp.2d 52, 61 (D.D.C. 2003) (plaintiff's allegation that she was given unimportant work did not rise to the level of adverse employment action); Brown, 199 F.3d at 457 ("mere idiosyncrasies of personal preference"not sufficient to state an injury).

Plaintiff then seeks to shoe-horn her claim into an adverse employment action by alleging that her assignment to Team One diminished her promotional opportunities.  While defendant acknowledges that materially diminishing future employment opportunities ***may*** be an adverse employment action, see Brown, 199 F.3d at 457, plaintiff's unsupported speculation that her promotional opportunities were reduced is not sufficient to establish an adverse employment action. It is well accepted that, in response to defendant's motion, plaintiff must "go beyond the pleadings

4

and by [her] own affidavits, or depositions, answers to interrogatories, and admissions on file, 'designate' *specific facts* showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (1986) (internal citations omitted); Matsushita, 475 U.S. at 586 (plaintiff must to "come forward with 'specific facts showing that there is a *genuine issue for trial*'"). Instead of offering *specific facts* to establish that the realignment diminished plaintiff's promotional opportunities, plaintiff offers only "conclusory allegations" or "unsubstantiated assertions," which are insufficient to defeat summary judgment Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). In fact, plaintiff's own deposition testimony shows that she *cannot* meet her burden of coming forward with specific facts. Plaintiff acknowledged that there are *no* instances or allegations of her being non-selected for a promotion on the basis of her race or age at issue in this action, and plaintiff could identify *no* specific promotion for which the realignment hampered her ability to obtain.[1] Def's Statement of Material Facts not in Dispute ¶ 14. Accordingly, plaintiff's baseless and unsupported allegation that the realignment hampered her promotional opportunities is not sufficient to create a genuine dispute of material fact.

    **B.    Because the Action About Which Plaintiff Complains was Remedied Prior to Suit, Plaintiff's Claims Fail**

Defendant's summary judgment motion explained in detail why, under the D.C. Circuit's reasoning in Taylor v. Small, 350 F.3d 1286, 1293-93 (D.C. Cir. 2003), plaintiff's claims must fail. Def's Motion at 9-10. In response to this argument, plaintiff offers her "disagreement." Opp. at 8. The only support for her disagreement is her conclusory statement that under Brown v. Brody, she

---

[1] Additionally, plaintiff herself admits that, while the realignment was in effect, she still worked on at least one contract over $100,000. Def's Stmt. of Mat. Fact not in Dispute ¶ 9. Thus, her allegations that she was forced to work on only contracts under $100,000 and that work hurt her promotional opportunities is entirely without merit.

has suffered an adverse employment action and should be permitted to proceed with her lawsuit.[2] Plaintiff does not even attempt to distinguish the facts or reasoning of Taylor for one reason – she cannot. Taylor is controlling in this situation; "[b]ecause [the realignment was] corrected . . . before [the plaintiff] filed suit, there was no unremedied adverse employment action when the suit was filed." Taylor, 350 F.3d at 1294  Therefore, plaintiff cannot establish a prima facie case of discrimination.

### C. Plaintiff Has Not Established a Prima Facie Case of Disparate Treatment

Plaintiff asserts, without authority, that to establish a prima facie case of disparate treatment, she must (1) identify a specific practice or policy challenged; (2) show a statistical disparity; and (3) show that the disparity is linked to the challenged policy or practice. She then asserts that she has established such a case because the Team One consisted of solely African-American females, while Team Two consisted of white females. Unfortunately for plaintiff, her attempt to use the fact that one team was black and one white to establish a statistical inference is misplaced.

The Supreme Court has indicated that lower courts should be cautious when considering statistical evidence in single-plaintiff disparate-treatment cases because discrimination against a particular individual, and not a class, is ultimately at issue. See Furnco Construction Corp. v. Waters, 438 U.S. 567, 597 (1978). Statistical evidence must be based on sound scientific theory. Frazier v. Consolidated Rail Corp., 851 F.2d 1447 (D.C. Cir. 1988). Thus, statistical evidence is not probative unless a valid comparison can be made to the relevant population data. Whitacre v. Davey, 890 F.2d 1168, 1172 (D.C. Cir. 1989), cert. denied, 497 U.S. 1038 (1990); Metrocare v. WMATA, 679 F.2d

---

[2] As explained previously, plaintiff's argument that she actually suffered an adverse employment action fails. Even if she did suffer an adverse employment action, however, Taylor mandates that her claims be dismissed.

922, 930 (D.C. Cir. 1982). Statistical evidence may also be unreliable because of an inadequate sample size or lack of statistically-significant disparities. See Palmer v. Shultz, 815 F.2d 84, 90-97 (D.C. Cir. 1987).

In the absence of an expert who can testify about the significance (or lack thereof) of statistical evidence, the evidence is without probative value and should *not* be considered. This point was made clear by the D.C. Circuit in Whitacre, a case that involved the sufficiency of the factual allegations of a complaint involving alleged age discrimination. In Whitacre, the plaintiff alleged that of the twenty appointments that the defendant had made over a four-year period, only three were of people over the age of 50. The Court of Appeals commented on these allegations as follows:

> Of course this is still circumstantial rather than direct evidence, but in any event, we agree with the district court that the proffered statistics would be inadequate . . . . **Without evidence of the pool of available and qualified applicants, we could not know whether the "three selections is [sic] disproportionately small to the pool, disproportionately large, or approximately statistically perfect."** Therefore, Whitacre's allegations of statistical disparity would not meet even Title VII's liberal evidentiary standards. [Citations omitted].

890 F.2d at 1172 (quoting Whitacre v. Davey, 727 F. Supp. 636, 639 (D.D.C. 1988)) (emphasis added).

Similarly, in its recent decision in Thomas v. Chao, the D.C. Circuit affirmed the district court's exclusion of this very type of evidence. The Court stated that "[t]he District Court was correct to exclude from evidence the list of employees identified by race and sex, and witness' observations about the race and sex of employees, in the absence of an expert who could testify that the alleged underrepresentation was statistically significant." See Thomas v. Chao, 65 Fed. Appx. 321, 2003 WL 21186036, at *3 (D.C. Cir. May 19, 2003) (unpublished) (emphasis added). See also

Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395 (D.C. Cir.), on rehearing, 852 F.2d 619 (1988) (describing the rigorous standards that must be followed in using statistical evidence in Title VII cases.).

In light of the foregoing, plaintiff's attempt to rely on the simple fact that Team One consisted of African-Americans, whereas Team Two was white to help her establish a prima facie case is misplaced – she has offered *no* expert analysis to explain the statistical significance of her raw statistics. Compare Frazier, 851 F.2d at 1452 ("Statistical calculations performed on data in discrimination cases are not probative of anything without support from an underlying statistical theory."); Thomas, 65 Fed. Appx. 321, 2003 WL 21186036, at *3 (raw statistics properly excluded from evidence "in the absence of an expert who could testify that the alleged underrepresentation was statistically significant."). Even if plaintiff has made a prima facie showing of discrimination – which she has not – she cannot show that defendant's non-discriminatory reasons for the separation of the teams as they were are pretext for discrimination.

### III. PLAINTIFF CANNOT ESTABLISH THAT DEFENDANT'S LEGITIMATE, NON-DISCRIMINATORY REASON FOR THE REALIGNMENT IS PRETEXT

"To avoid summary judgment, the plaintiff [is] required to produce some ***objective evidence*** showing defendant's proffered reasons are mere pretext." Batson v. Powell, 912 F. Supp. 565, 578 (D.D.C. 1996), aff'd, 203 F.3d 51 (D.C. Cir. 1999) (emphasis added); Banks v. District of Columbia, 377 F. Supp. 2d 85, 89 (D.D.C. 2005) ("[W]holly conclusory statements for which no supporting evidence is offered need not be taken as true for summary judgment purposes.") (internal quotations omitted); Pignato v. American Trans Air, Inc., 14 F.3d 342, 349 (7th Cir. 1994) ("It is not enough for the plaintiff to show that a reason given for a job action is not just, or fair, or sensible. He must show that the explanation given is a phony reason.")). "At this stage, if [plaintiff] is unable to adduce

evidence that could allow a reasonable trier of fact to conclude that [defendant's] proffered reason was a pretext for discrimination [or retaliation], summary judgment *must* be entered against [plaintiff]." Paquin v. Fed. Nat'l Mortgage Ass'n, 119 F.3d 23, 27-28 (D.C. Cir. 1997) (emphasis added).

Defendant's motion explained in detail the reasons for the realignment of C&L, and the subsequent assignment of the personnel. Specifically, C&L was realigned because that is what the study commissioned by the Library recommended, and employees within C&L were assigned to teams based upon their experience. See Def's Motion at 14-16. Plaintiff does not even discuss defendant's reasoning in her motion. Instead, she offers the conclusory heading, with no analysis, that defendant did not have a legitimate, non-discriminatory reason for the realignment. See Pltf's Opp. at 9.

Although not discussed in plaintiff's opposition to defendant's motion, plaintiff does offer a limited response to defendant's legitimate, non-discriminatory reason in her opposition to defendant's statement of material facts not in dispute. In paragraph 10 of defendant's statement of material facts not in dispute, defendant offered the following:

> Ms. Helen Mathura and Ms. Ruth Nelson, the two senior grade level contract specialists in C&L were assigned to Team Two, the team led by Ms. Klinker. Pltf's Depo. 96:16-96:23; Martin Testimony 224:20-225:2, 240:7-240:11 ("We took into effect the experience level and the capabilities of the people, the experience level."), 244:2-244:5. The other contract specialists in the office, including plaintiff, all of whom were junior in grade level to those contract specialists on Team Two, were assigned to Team One, the team led by Mr. Jasper. Pltf's Depo. 97:25-98:3; Martin Testimony 224:2-224:19, 243:18-243:21.

Def's Stmt. of Mat. Facts ¶ 10. Thus, defendant offered competent, admissible evidence that the reason the teams were divided as they were upon implementation of the Martin report was based

upon seniority – the senior staff were assigned to handle contracts over $100,000 and the junior staff were assigned to handle contracts under $100,000.

In response, plaintiff asserts in her opposition to paragraph 10 of defendant's statement of material facts that she was not "apprised" of this reasoning at the time, and "assumed" that the split was based upon race. Pltf's Opp. to Def's Stmt. ¶ 10. Thus, it is clear that the *only* justification plaintiff has for her claim is her unsupported "assumption." This is not sufficient to establish that defendant's legitimate, non-discriminatory reason was pretext for discrimination.

Plaintiff also asserts, without support, that "defendant's proffered justifications are suspicious and not worthy of credence and that the true reason for the Library's act was discrimination." Opp. at 10. Plaintiff's unsupported denial of defendant's legitimate, non-discriminatory reason for the actions at issue is insufficient to create a genuine dispute of material fact. Accordingly, summary judgment in defendant's favor is appropriate.

### IV.  PLAINTIFF FAILED TO EXHAUST HER CLAIM OF GENDER DISCRIMINATION

Plaintiff asserts, supported only by her statement that she "contends that she was confident that she has amended her complaint to state Gender as well," see Pltf's Opp. to Def's Stmt. of Mat. Fact ¶ 25, that she did in fact exhaust her claim of gender discrimination. Plaintiff does not, and cannot, however, offer any documentary evidence that her administrative claims alleged gender discrimination. Instead, all competent record evidence indicates that plaintiff *failed* to include gender as a basis for discrimination in her complaints of discrimination. See Def's Stmt. of Mat. Facts ¶ 15 & Exhibit 9 to Def's Motion. In sum, plaintiff failed to exhaust a claim of gender discrimination and, accordingly, judgment in defendant's favor on the claim is appropriate. Even if, however, the Court finds that plaintiff did exhaust her gender discrimination claim, plaintiff's opposition fails to establish

10

that defendant's legitimate, non-discriminatory reason for the realignment and structure of the teams was pretext for discrimination.

## **CONCLUSION**

For the reasons set forth herein, as well as those set forth in defendant's motion for summary judgment, defendant James H. Billington, in his official capacity as Librarian of Congress, respectfully requests that the Court enter summary judgment in his favor.

December 4, 2006							Respectfully submitted,

							_____/s/_____
							JEFFREY A. TAYLOR, D.C. Bar # 498610
							United States Attorney

							_____/s/_____
							RUDOLPH CONTRERAS, DC BAR #434122
							Assistant United States Attorney

							_____/s/_____
							JOHN F. HENAULT, D.C. Bar # 472590
							Assistant United States Attorney
							555 4th Street, N.W.
							Washington, DC 20530
							(202) 307-1249
							(202) 514-8780 (facsimile)