UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALDA MURFREE-FLEMING )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES H. BILLINGTON, )<br>In his official capacity as )<br>Librarian of Congress, )<br>)<br>Defendant. )<br>_____) | No. 05-1180 (HHK) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant James H. Billington, in his official capacity as the Librarian of Congress, respectfully files this opposition to plaintiff's motion for reconsideration. In support of this opposition, defendant states:

Plaintiff filed this action on June 13, 2005 alleging discrimination in the basis of her age and gender. Following discovery, defendant moved for summary judgment. Plaintiff, through counsel, filed an opposition and defendant filed a reply in support of summary judgment. Initially, the Court determined to hold oral argument on defendant's motion but, following the withdrawal of plaintiff's counsel for personal reasons, this Court cancelled the hearing and, on July 17, 2007, issued its Memorandum Opinion & Judgment granting summary judgment in favor of defendant.

On August 15, 2007, twenty-nine days after this Court entered judgment in favor of defendant, plaintiff filed a motion for reconsideration of this Court's July 17 Memorandum Opinion & Judgment.[1] In her motion for reconsideration, the only reasons plaintiff set forth as

---

[1] Plaintiff also filed a notice of appeal on August 15, 2007.

justifying her request for reconsideration are that (1) plaintiff's former counsel was unable to represent plaintiff at the summary judgment hearing and (2) plaintiff believes that she has not been properly represented in this matter.

## ARGUMENT

Although plaintiff fails to specify under which Federal Rule of Civil Procedure she seeks reconsideration, defendant presumes for the purposes of this motion that plaintiff seeks reconsideration pursuant to Federal Rule of Civil Procedure 60(b).[2]  A party seeking reconsideration pursuant to Rule 60(b), must "'demonstrate a meritorious claim or defense' to the motion upon which the district court dismissed the complaint." Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995).  Moreover, "[i]t has long been established that as a precondition to relief under Rule 60(b), the movant *must* provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." Id. (emphasis added).  As explained by the D.C. Circuit, motions for reconsideration should be granted "sparingly" so as "to preserve the delicate balance between the sanctity of final judgments . . . and the incessant command of the court's conscience that justice be done in light of all the facts." Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 n.3 (D.C. Cir.1980) (citations omitted).

Plaintiff's motion for reconsideration fails to meet the foregoing standards.  As set forth previously, plaintiff's motion offers only two justifications in support of summary judgment, neither of which demonstrate a meritorious defense to defendant's motion for summary

---

[2]  Pursuant to Federal Rule of Civil Procedure 59, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment." Fed. R. Civ. P. 59(e). Due to the ten day time limitation on Rule 59, motions, if plaintiff filed her motion under Rule 59 rather than 60, the motion would be untimely. See also Fed. R. Civ. P. 6(b) (Court "may not extend the time for taking any action under," inter alia, Rule 59.

judgment. First, plaintiff asserts that her counsel was unable to represent plaintiff ay the summary judgment hearing. The logic of this justification is flawed; there was no summary judgment hearing at which plaintiff could have been represented. In fact, this Court cancelled the hearing it had previously scheduled and issued its Memorandum Opinion based solely upon the papers submitted by the parties. Moreover, motions for summary judgment are routinely decided without argument and plaintiff had no entitlement to a hearing. Thus, any alleged failure on plaintiff's prior counsel's part to participate in a summary judgment hearing is irrelevant and does not support plaintiff's request for reconsideration.

The second reason plaintiff offers as justifying reconsideration is that plaintiff does not believe she was properly represented in this matter. Again, this reason does not support reconsideration. In response to defendant's motion for summary judgment, plaintiff's prior counsel filed a proper opposition to summary judgment. This Court considered all pleadings in its Memorandum Opinion, including plaintiff's opposition. See Memorandum Opinion at p.1 ("Upon consideration of the motion, the opposition thereto, and the summary-judgment record, the court concludes that the motion must be granted."). Notably, other than her "belief," plaintiff offers no examples of alleged improper representation by her prior counsel other than that there was no summary judgment hearing which she alleges would have effected the outcome of this case. Thus, plaintiff's belief that she was not properly represented in this matter does not justify the reconsideration of this Court's July 17, 2007 Memorandum Opinion & Judgment.

## CONCLUSION

For the foregoing reasons, this Court should deny plaintiff's motion for reconsideration.

August 28, 2007                                    Respectfully submitted,

 

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

_____/s/_____
JOHN F. HENAULT, D.C. Bar # 472590
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-1249
(202) 514-8780 (facsimile)

## CERTIFICATE OF SERVICE

On August 28, 2007, I caused a copy of the foregoing to be served by first class mail, postage prepaid to:

Valda Murfree-Fleming
212 Dauntly Street
Upper Marlboro, MD 20774

_____/s/_____
John F. Henault
Assistant United States Attorney